[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an application in three counts by the Statewide Grievance Committee, and the reviewing committee of Attorneys Alfred R. Belinkie and Lewis A. Hurwitz (collectively, applicant), for the interim suspension of Attorney Paul L. MacNeill (respondent), pursuant to Practice Book § 2-42[1]
and the appointment of a trustee pursuant to § 2-64.
Count one (complainant Maria Jagielska) and count two (complainant Franciszek Marchut) claim violations of Rules 1.3 (Diligence) and Rule 1.4 (Communication) of the Rules of Professional Conduct, while count three (complainant Christiania Targonska) claims a violation of Rule 1.4, only.[2]
The respondent appeared pro se and admitted the allegations of the second count as to the complainant Marchut, and denied the allegations of the first and third counts.
The applicant claims that the respondent poses a substantial threat of irreparable harm to his clients and prospective clients, and, as there is a disciplinary proceeding pending against the respondent, the applicant seeks an order of interim CT Page 6130 suspension of the respondent from the practice of law, and the appointment of a trustee for the protection of his clients.
The court heard testimony through a Polish interpreter from the complainants Jagielska[3] and Targonska. In addition, copies of the complaints and proceedings before the local grievance panels and reviewing committee as to all three complainants were introduced into evidence without objection.
The respondent did not respond to the local grievance panel when informed of the Jagielska and Marchut matters, and the local panel issued a probable cause finding in each case. He replied by letter to the Targonska complaint, and that local panel issued a no probable cause determination. Targonska also reported to the statewide grievance committee (SWG) and the local panel that she resolved her problem with the respondent and wished to `cancel' or `withdraw' her complaint.
Nevertheless, the SWG's reviewing committee found probable cause to hold a hearing to determine whether the respondent was guilty of misconduct in the Targonska case; and, in light of the probable cause determinations in the Jagielska and Marchut cases, the SWG's reviewing committee scheduled hearings in all three matters.
All three hearings were scheduled for the same day, at the same place, and to proceed consecutively before the same panel. The respondent and complainant Targonska did not appear. The reviewing committee heard testimony from complainants Jagielska and Marchut, through a Polish interpreter, and considered the Targonska matter on the written record. The reviewing committee concluded, based on clear and convincing evidence, that the respondent violated the applicable Rules of Professional Conduct, and directed the statewide bar counsel to file a presentment against the respondent in the superior court for the `imposition of whatever discipline the court deems appropriate'. At the time of the completion of the taking of testimony before this court, the thirty day window to seek review before the SWG had not expired, and presentment proceedings had not yet been filed.[4]
In the light of the respondent's admission to the second count of the application relating to complainant Marchut, and the record of the proceedings before the local panel and the reviewing committee in evidence, I find the allegations therein proven by clear and convincing evidence.[5]
CT Page 6131
I also find that the applicant has not shown by clear and convincing evidence that the respondent committed misconduct with respect to complainant Targonska. Moreover, there was insufficient evidence to demonstrate that Targonska's personal injury action was adversely affected by the actions or omissions of the respondent. In fact, Targonska voluntarily withdrew her lawsuit.
Jagielska's case is a much closer call. Jagielska testified that she had `zero contact' with the respondent before her deposition in her personal injury case. On cross-examination, however, she did not recall how much time the respondent spent with her on her case, and conceded that he had obtained a trial date for her case in October, 1998. She also testified that the respondent never returned her telephone calls, and that he promised to mail her `copies of whatever he does' but that she received nothing. I find this latter testimony credible, and further find that the applicant has sustained its burden of proof that the respondent violated Rule 1.4 by failing to keep Jagielska reasonably informed about her case, and by failing to promptly comply with reasonable requests for information.
The evidence presented by the applicant, on the record as a whole, was insufficient to sustain its burden of proof as the claim that the respondent violated Rule 1.3 as to diligence. I also find that the applicant has not demonstrated that Jagielska's personal injury action was significantly impaired or adversely affected by respondent's actions or omissions, and in the words of the complainant herself, `was going very well', under the aegis of her new attorney.
 CONCLUSION
Accordingly, I find from the evidence, by the clear and convincing standard, that the respondent committed misconduct in two of the three matters before the court. I also take into account his lack of response to the local panel in the same two matters, the vulnerability of the three complainants, all Polish speaking, who have little fluency in the English language, and his failure to appear at the hearings before the reviewing committee. This behavior is troubling and appears to be redolent of a pattern of misconduct and negligence.
I further conclude that the respondent, by virtue of his CT Page 6132 actions and omissions, poses a substantial threat of irreparable harm to his clients or to prospective clients, under the totality of the circumstances present.
The applicant, however, seeks the respondent's interim suspension, which the court deems too harsh under the facts of these cases. Interim suspensions should be granted only for the most egregious misbehavior, involving criminal action or other culpable conduct of similar degree. Indeed, Rule 19 of the Model Rules for Lawyer Disciplinary Enforcement states that the court should place a lawyer on interim suspension upon proof that the lawyer has been convicted of a "serious crime" or is causinggreat harm to the public. (emphasis added). Neither of these criteria has been demonstrated here. It must be emphasized that "when a court disciplines an attorney, it does so not to punish but rather to both safeguard the administration of justice and to protect the public." Doe v. Statewide Grievance Committee,240 Conn. 671, 684-85, 694 A.2d 1218 (1997).
I believe that the administration of justice and the public will be properly safeguarded from the actions of the respondent pending disposition of the presentment proceedings by less draconian measures than his interim suspension, as such would severely and indeterminately punish him before a full hearing is had on the merits.
Thus, it is ordered as follows:
1) The application for an interim suspension of respondent is denied.
2) Attorney MacNeill shall take not less than ten hours of continuing legal education courses on law office management forthwith, and present evidence to this court and the SWG of his successful completion thereof.
3) Attorney MacNeill shall submit, commencing June 1, 1999, and quarterly thereafter, until final determination of the presentment proceedings, reports of his caseload status to the SWG.
4) Attorney MacNeill shall be under the supervision of Attorney James L. Pomeranz, 95 Glastonbury, Boulevard, Glastonbury, CT 06033, effective immediately, for a period of six months from the date hereof. Attorney Pomeranz shall file a CT Page 6133 report with this court on or before November 1, 1999.
Teller, J.